*BLACHE ET AL. vs. MAYOR ET AL.*

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The city has no right of mortgage on the property of individuals in consequence of their becoming sureties for the city treasurer.

The plaintiffs entered into bond with the city treasurer as sureties for the faithful discharge of his duties towards the corporation. The defendants caused this bond to be recorded in the office of the recorder of mortgages, who certified it as an incumbrance on the property of the sureties. This suit was brought to obtain the cancelling of the record of the bond, and a decree to that effect having been rendered in the court below, the defendants appealed.

*Seghers* for appellees.

No mortgage attaches on the property of a surety in a bond of a receiver of public moneys, unless such mortgage

be conventional.—*La. Code, art.* 3280.   *8th Martin's Rep. N. S.* 243, 316.

*Martin, J.* delivered the opinion of the court.

The plaintiffs, who were sureties of Charles L. Blache, who was appointed treasurer of the city of New-Orleans in the year 1829, complain that the defendants, the Mayor et al, caused the bond of said Blache to be recorded by the other defendant, who is recorder of mortgages, and the latter inserts in the certificates they call for, when they wish to dispose of any part of the real property, the claim for a mortgage, which the Mayor, &c. pretend to have on the plaintiff as sureties on said bond, whereby the plaintiffs are deprived of the opportunity of disposing of their preperty they prayed that the record of said bond; and any mortgage thereon, might be decreed to be cancelled.

The Mayor, &c. pleaded the general issue. The other defendant urged he was improperly made a party.

The plaintiffs had judgment for the cancelling of the mortgage, and the defendants appealed.

It is clear the city had no right of mortgage on the plaintiffs' property, in consequence of their becoming sureties for the treasurer of the city.

By the former Civil Code, 456, article 25, the city had a tacit mortgage on the property of their collectors, and other accountable persons; but this did not give them any mortgage on the property of these persons' sureties. There is not the least ground to pretend that there is, in the present case, any mortgage on the plaintiffs' property.

As damages were not prayed against the recorder he had a right to say he was improperly made a party.

It is therefore ordered, adjudged, and decreed, that the judgment, as far as it decrees costs against the defendant, recorder, be annulled, avoided, and reversed, and that he have judgment for his costs in both courts; and that the judgment be affirmed with costs as to the remainder.